IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT LOUIS DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:08-CV-83-CSC |
| ) | [WO] |
| ) | |
| CAREY TOLBERT, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**[1]

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Robert Louis Davis ["Davis"], a former county inmate, on February 7, 2008. In this complaint, Davis challenges the conditions of confinement to which he was subjected during his confinement at the Lee County Detention Center.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials in which they addressed the claims for relief presented by Davis. The reports and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action. The court thereafter issued an order directing Davis to file a response to the written reports. *Order of April 10, 2008 - Court Doc. No. 28*. The order advised Davis that his failure to respond to the defendants' written reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the

---

[1]Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

dismissal of this civil action. *Id*. The time allotted Davis for filing a response in compliance with this order expired on April 25, 2008. As of the present date, Davis has filed nothing in opposition to the defendants' written reports as required by the orders of this court. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. Davis is an indigent former inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Davis has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure Davis' compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

A separate order will accompany this memorandum opinion.

Done this 23rd day of May, 2008.

       /s/Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE